### 34136. KALER et al. v. COMMON CAUSE OF GEORGIA et al.

JORDAN, Justice.

Irving K. Kaler, as Chairman of the Georgia State Campaign and Financial Disclosure Commission, and other members of the Commission, appeal from the grant of interlocutory injunction to Common Cause of Georgia, a citizens' action group for accountability in government, and Elizabeth B. Duncan, a registered voter in Georgia.

Common Cause and Duncan filed a complaint against the Chairman and Members of the Commission and the Attorney General alleging that the Commission, on the advice of the Attorney General, has improperly interpreted sections of the Campaign and Financial Disclosure Act (Ga. L. 1974, p. 155 et seq., as amended; Code Ann. § 40-3801 et seq.) so as to change the substance of the Act as written by the General Assembly. It was prayed that permanent injunction be issued against the Commission prohibiting it from implementing its memoranda which have the effect of changing the Act; that the Commission be required to prepare and issue a manual as required by the Act; and for other relief.

The trial judge interpreted the Act as hereinafter detailed and granted an interlocutory injunction prohibiting the Commission from enforcing the Act in accordance with its former practice. The motion of the Attorney General to be dismissed as a party was granted.

1. Code Ann. § 40-3803 defines "campaign financing

disclosure written report" as the report filed by a candidate "setting forth all expenditures and all contributions of $101 or more, including contributions and expenditures of lesser amounts when the aggregate amount thereof by or to a person is $101 or more in the aggregate for the calendar year in which the report is filed."

Code Ann. § 40-3806 provides that the report shall list: "The amount, name and mailing address of any person making a contribution of $101 or more, . . ." This section provides in regard to filing: "Such campaign financing disclosure reports shall be filed 45 days and 15 days before the primary election, and 10 days after the primary election. Candidates in a general or special election campaign shall make such reports 15 days prior to the general or special election and all candidates shall make a final campaign disclosure report not later than December 31 of the year in which the election occurs. . . Each report required in the calendar year of the election shall contain cumulative totals of all contributions, which have been received, and all expenditures, which have been made, in support of the campaign in question and which are required, or previously have been required, to be reported. . ."

The Commission, on the advice of the Attorney General, has interpreted this section to mean that the primary, primary run-off, general, and general run-off elections are considered as separate segments, and contributions of $101 or more from one person do not have to be reported prior to December 31 unless the contribution made by that person for each separate election is as much as $101.

Common Cause and Duncan contend that a contribution of $101 or more must be reported at any time that the accumulated contributions from one person amount to $101, since otherwise a person might make contributions of $100 for each separate election and the amounts would not be reported until the December 31 report, which would be after the final election, and of no value to voters interested in knowing prior to the election about the contributions made to the candidate.

The trial judge held as follows: "The Act requires . . .

the reporting of 'contributions' totaling more than $101, whether made for the purpose of influencing a primary, primary run-off, general election, and general election run-off — all of which are integral parts of the election of any person. The present practice, therefore, is contrary to the mandate of the Act."

We concur in the interpretation of the trial judge as to the intent of the General Assembly that contributions must be reported at any reporting period when the accumulated contributions from one person amount to $101.

2. Code Ann. § 40-3803 (e) defines "person" as "an individual, partnership, committee, association, corporation, labor organization, or any other organization or group of persons." Code Ann. § 40-3806.1 provides that any "person" making contributions to candidates is subject to the disclosure requirements of the Act, except individuals making contributions directly to a candidate or his campaign committee, and "except contributions from persons as defined in subsection (e) of section 40-3803 which do not exceed $500 in the aggregate or which are made to only one candidate, regardless of the amount, do not require separate reporting."

The Commission, on the advice of the Attorney General, has held this provision to mean that a "person" is not required to make disclosure of its contributions unless such contributions amount to more than $500 to *competing* candidates seeking the same elective office in a particular segment of a particular race.

Common Cause and Duncan assert that this requirement means that any "person" as defined by the Act making contributions to more than one candidate in any race in amounts totaling more than $500 must report such contributions.

The trial judge held: "The court holds that 'in the aggregate' means in the aggregate. Accordingly, any 'person' who contributes more than $500 'on behalf of candidates' is required to report that fact, and respondent's practice of limiting the reporting requirement of § 7A to 'persons' contributing more than $500 to candidates competing against each other is contrary to the requirement of the Act."

We concur with the trial judge's interpretation of the provision for reporting contributions to multiple candidates in amounts exceeding $500.

The trial judge did not err in his interpretation of the Campaign and Financial Disclosure Act; nor did he err in enjoining the Commission from enforcing the Act in accordance with its prior practice.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 10, 1978 — DECIDED OCTOBER 31, 1978.

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Don A. Langham, First Assistant Attorney General, Michael J. Bowers, Senior Assistant Attorney General, Linda R. Birrell, Assistant Attorney General,* for appellants.

*William Hollberg, Kathleen Kessler,* for appellees.